**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5625-18T4

ROBERT M. BARNES,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and FSQ, INC.

     Respondents.

_____

Argued January 12, 2021 – Decided January 28, 2021

Before Judges Fisher and Moynihan.

On appeal from the Board of Review, Department of Labor, Docket No. 175,733.

Philip G. Pagano argued the cause for appellant.

Achchana C. Ranasinghe, Deputy Attorney General, argued the cause for respondent Board of Review (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel, Dipti V. Dedhia, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Robert M. Barnes appeals a final decision of the board of review, which found Barnes left his place of employment with FSQ, Inc. "without good cause attributable to the work," thereby disqualifying him from receiving unemployment benefits. Barnes argues that the board of review erred by "not accepting [his] medical testimony . . . as sworn and undisputed and verified," and that this error rendered the final decision arbitrary, capricious, and unreasonable.

The record created during a telephonic hearing was based on Barnes's undisputed testimony[1] that he was first employed by FSQ as a cook in 2006. In 2018, Barnes was asked to take over a position vacated by another employee; he accepted this position "as long as [he] had off Sundays." He claimed that his employer acceded to this request but, two weeks later, scheduled him to work Sundays. Although Barnes stayed on the job, he began seeing a therapist in February 2018 due to the stress and anxiety caused by his being required to work on Sundays and its impact on his ability to attend church. Barnes stopped seeing the therapist in August 2018 because he could no longer afford the sessions. He quit his job with FSQ in January 2019.

---

[1] The employer did not provide testimony or otherwise respond to the petition.

A-5625-18T4

In disqualifying Barnes from receiving benefits, the appeal tribunal correctly recognized that Barnes claimed to have left his employment because of his health, but concluded Barnes "offer[ed] no medical documentation to substantiate his testimony" that his work schedule caused his anxiety. Near the end of the hearing, Barnes's attorney asked for leave to supplement the record with additional evidence from Barnes's therapist; the examiner responded that "medical documentation" was not "necessarily need[ed]" because Barnes was "under oath and there's no doubt that he's saying that he suffered from stress and anxiety."

The board of review affirmed the tribunal's decision, concluding Barnes "was given a full and impartial hearing and a complete opportunity to offer any and all evidence." Barnes appeals that final agency decision, arguing the board of review erred by not accepting his medical testimony and rendering a decision that was "contrary to the facts and the law."

We agree that the confusion about Barnes's claim warrants further consideration at the agency level. The record clearly reveals that Barnes was prepared to offer additional evidence about his therapy but was told it wasn't necessary, only to have the tribunal conclude that Barnes's proofs about the connection between his stress and anxiety and the work schedule were

inadequate. It may be that Barnes's attorney and the examiner were not on the same page in their brief discussion at the end of the hearing, and that the examiner was not then suggesting the proof on causation was as sufficient as the attorney may have thought. Nevertheless, the interests of justice require that the disposition of the claim not be based on what Barnes and his attorney may have reasonably assumed from what the examiner said.

We also recognize that relief was denied on Barnes's acknowledgement that his therapist never advised him to leave the job. This circumstance too may benefit from further amplification by way of a remand. For example, it may be that the therapist did not believe Barnes's departure from employment was necessary so long as Barnes attended his therapy sessions. The record reveals that Barnes did not stop going to therapy because he no longer needed it but because he could no longer afford it. Again, because the examiner suggested to Barnes that further information from the therapist was unnecessary, we cannot know whether the therapist would have recommended Barnes's departure from his employment if the therapist knew that Barnes would not be able to continue therapy.

A-5625-18T4

The interests of justice require that Barnes be given the opportunity to provide further evidence about his therapy and the cause for his departure from the workplace.

The final agency decision is vacated, and the matter is remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5625-18T4